# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

Case No. 06-CR-224

WILLIAM A. DOYLE a/k/a BILL DAVIDISON,

       Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE LYNN ADELMAN AND ORDER

## NATURE OF CASE

On September 19, 2006, a federal grand jury sitting in this district returned a five-count indictment against defendant William A. Doyle, a/k/a Bill Davidison. The defendant is charged in Count One of the indictment with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a person under 18 years of age, in violation of 18 U.S.C. § 2423(b). Count Two charges the defendant with using a computer connected to the internet to attempt to knowingly persuade, induce, entice and coerce a person under 18 years of age, in Milwaukee County, to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Counts Three and Four charge the defendant with distributing child pornography that had been mailed, shipped and transported in interstate or foreign commerce by computer, in violation of 18 U.S.C. § 2252(a)(2). Count Five charges the defendant with possessing one or more films, video tapes, computer disks and other matter which contained a visual depiction of a minor engaged in sexually explicit conduct or child pornography that had been transported in interstate and foreign commerce, including by computer or that was produced using

materials which had been transported in interstate commerce, in violation of 18 U.S.C. § 2252(a)(4)(B). The indictment also contains a forfeiture provision.

On September 27, 2006, the defendant appeared before United States Magistrate Judge William E. Callahan, Jr. for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed several motions: 1) motion to dismiss Count One: no violation of law (Docket #15); 2) motion to dismiss Count Two: no violation of law (Docket #17); 3) motion to dismiss Count One: unconstitutionality of § 2423(b) (Docket #19); 4) motion to dismiss Count Two: unconstitutionality of § 2422(b) (Docket #20); 5) motion to dismiss Count Two: insufficiency of indictment (Docket #21); 6) motion to suppress statements (Docket #22); 7) motion to suppress: unlawful stop and arrest (Docket #23); 8) motion for disclosure of identity of alleged victim and to produce reports of interviews (Docket #24); and 9) motion to suppress telephone conversations (Docket #27). The motion to suppress unlawful stop and arrest and the motion to suppress statements will be addressed in a separate decision. The other motions will be addressed herein.

## MOTION TO DISMISS COUNT ONE: UNCONSTITUTIONALITY OF § 2423(b) (DOCKET #19)

The defendant seeks entry of an order dismissing Count One of the indictment on the grounds that, on its face and as applied, the statute violates his First and Fifth Amendment rights by not requiring the government to prove that he knew, or even believed, the person was a minor. (Docket #19). The defendant asserts that given the harshness of the possible penalties for a violation of 18 U.S.C. § 2423(b), the statute "unconstitutionally chills the First and Fifth Amendment and due process of rights of citizens to travel, to associate, and to engage in consenting sexual relationships with other adults." (Defendant's Motion to Dismiss: Unconstitutionality of § 2423[b] at 6).

The defendant also asserts that the statute is overbroad because "it unconstitutionally punishes the defendant's mistaken belief that the person he intends to have relations with is an adult even when the defendant has not had any prior face-to-face contact with the other person." Id. at 5-6. He further maintains that the statute is unconstitutional because it does not require the government to prove that the defendant knew the person was a minor. Additionally, the defendant argues that §§ 2423(b) and 2422(b) are unconstitutional as applied to situations involving internet communications with no face-to-face meeting because there is no reliable way for the defendant to determine whether the person he is communicating with is a minor.

In response, the government asserts that § 2423(b) does not prohibit a citizen's right to travel, to associate and to engage in relationships with adults; rather, the focus of the statute is on the specific purpose for which the defendant traveled. The government maintains that the statute is not overly broad in its regulation of online conversations with minors. The government further states that § 2423(b) does not chill the defendant's First Amendment rights or his Fifth Amendment rights because it requires, as an element, that a defendant take affirmative steps to commit the crime by traveling between states with the purpose of engaging in sex with a minor.

Section 2423(b) states:

> A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

The constitutionality of § 2423(b) has been upheld against several constitutional challenges. In United States v. Han, 230 F.3d 560, 563 (2nd Cir. 2000), the court rejected

- 3 -

the defendant's argument that § 2423(b) violated the First Amendment. The court found that the statute does not criminalize "mere thought" or mere preparation because it requires the crossing of state lines to commit the sexual act with a juvenile. The court reasoned that crossing state lines could be "sufficient to elevate [the defendant's] thoughts to an intention to commit the charged acts with an underage female. Id.

Similarly, in United States v. Gamache, 156 F.3d 1, 8 (1st Cir. 1998), the court upheld the constitutionality of § 2423(b) as applied against a First Amendment challenge. The court found that the statute punishes acts and not mere abstractions because at least one act must occur, namely, crossing a state line. Discussing the facts before it, the court, then stated: "The appellant did not merely sit in the quiet of his house, contemplate evil thoughts and then flip the channels of his television set and continue blithely with other musings." Id.

In United States v. Tykarsky, 446 F.3d 458, 471 (3rd Cir. 2006), the court rejected the defendant's contention that § 2423(b) punishes the mere act of thinking of engaging in sexual activity of a minor while traveling. To the contrary, the court emphasized that the travel must be for the purpose of engaging in the unlawful sexual act. "By requiring that the interstate travel be 'for the purpose of' engaging in illicit sexual activity, Congress has narrowed the scope of the law to exclude mere preparation, thought or fantasy; the statute only applies when the travel is a necessary step in the commission of a crime." Id.; see also, United States v. Bredimus, 352 F.3d 200, 205-08 (5th Cir. 2003) ("The substantive criminal act at issue here is not . . . a sexual act with a juvenile. Instead, Section 2423[b] punishes the travel with the intent to commit such an act itself." [citing Gamache 156 F.3d at 8; Han, 230 F.3d at 563]).

In contending that § 2423(b) unconstitutionally "chills" First Amendment and due process rights, the defendant states that people will be unwilling to engage in protected

- 4 -

conduct with other adults because proof of the defendant's knowledge of age is not required. The defendant's contentions are without merit.

Section 2423(b) prohibits travel in interstate or foreign commerce with the intent to engage in an illicit act, i.e., a sexual act with a juvenile. There is nothing in the statute to suggest that it attempts to limit or regulate the content of speech. Rather, the defendant's intent, coupled with travel across state lines with the intent to commit a sexual act with a juvenile, is the basis of a § 2423(b) offense. United States v. Vang, 128 F.3d 1065, 1069 (7th Cir. 1997); Bredimus, 352 F.3d at 208; United States v. Root, 296 F.3d 1222, 1231 (11th Cir. 2002); Gamache, 156 F.3d at 8; United States v. Cote, 2005 U.S. Dist. LEXIS 11725 (N.D. Ill. 2005).

The defendant misconstrues the nature of a § 2423(b) offense when he contends that the statute is unconstitutional in this case because there is no reliable way to determine the age of the other person involved in the internet communication absent a face-to-face encounter. The focus of § 2423(b) is on the intent of the defendant. It is the defendant's intent to commit a sexual act with a minor, along with travel across state lines for this purpose that constitutes a violation of § 2423(b).

The defendant also argues that because the person he was to meet was an adult man, not a minor, he did not violate § 2423(b). The defendant cites United States v. X-Citement Video, Inc., 513 U.S. 64 (1994), among other cases. The statute at issue in X-Citement Video was the Protection of Children Against Sexual Exploitation Act of 1977, as amended, 18 U.S.C. § 2252, which prohibits the interstate transportation, shipping, receipt, distribution or reproduction of visual depictions of minors engaged in sexually explicit conduct. The Court held that the Act is properly read to conclude that the term "knowingly" in § 2252 extends both

- 5 -

to the sexually explicit nature of the material and to the age of the performers, i.e., one of the performers was a minor. Id. at 78.

In this case, the statute at issue does not involve visual depictions of minors engaged in sexually explicit conduct. Moreover, as noted, the defendant misconstrues the nature of a § 2423(b) offense, as charged in this case. The focus of the statute is on a defendant's intent to engage in an illicit sexual act with a minor. Section 2423(b) prohibits and punishes travel undertaken with the intent to commit a sexual act with a minor. It does not contain a specific scienter requirement. Therefore, X-Citement Video is clearly distinguishable.

Moore v. State, 388 Md. 623, 882 A.2d 256 (Ct. App. Md. 2005), cited by the defendant, is also distinguishable. In Moore, the Maryland child pornography statute at issue prohibited a person from using a computer to "knowingly" transmit or receive specified information about a minor for the purpose of engaging in sexual conduct with a minor. Id. at 624 n.1. The state court concluded that the statutory provision at issue is limited to the circumstances where the victim is actually a minor. The court looked at the statute in its entirety and concluded that it was not intended to prohibit actions or conduct where the "victim" was an adult or a fictitious person, even if the defendant believed that the person was a minor. Id. at 631. In reaching the conclusion, the court noted that the state assembly had attempted several times to broaden the statutory provision so as to include an adult whom the defendant believes is a minor, but that those attempts were unsuccessful. Thus, Moore v. State is not helpful to the defendant's position.

In United States v. Hicks, 2005 WL 2090785 (W.D. Mo. 2005), also cited by the defendant, the court concluded, in cursory fashion, that "a plain reading" of § 2423(b) requires that the travel must be to engage in a sexual act with a person under 18 years of age, not an adult law enforcement officer. Several other courts of appeal that have addressed the issue

- 6 -

have reached a contrary conclusion. The court finds their analysis and conclusions more persuasive.

In Tykarsky, 446 F.3d at 465, for example, the defendant asserted that any sexual activity between him and the undercover agent posing as a minor would not be criminal. In rejecting the defendant's argument, the court stated that, by its unambiguous terms, § 2423(b) criminalizes interstate travel for an illicit purpose. "The actual age of the intended victim is not an element of the offense; criminal liability 'turns simply on the purpose for which the defendant traveled.'" Id. at 466 (quoting United States v. Root, 296 F.3d 1222, 1231 [11th Cir. 2002]). "It 'make[s] no difference that an actual minor was not involved.'" Id.

Similarly, in United States v. Vail, 2004 WL 1257695 (9th Cir. 2004), the court upheld the defendant's conviction for violating § 2423(b) even though the person he believed to be a minor in fact was an adult undercover agent. In United States v. Han, 66 F.Supp.2d 362, 366 (N.D. N.Y. 1999), aff'd. 230 F.3d 560 (2nd Cir. 2000), the court stated: "To fall within the purview of section 2423(b), . . . it is not required that the intended victim actually be a minor." The court explained that the fact that the defendant was unable to complete the offense "because the victim [was] fictitious is not the determining factor." Id. at 266 (quoting United States v. Butler, 92 F.3d 960, 963 [9th Cir. 1996]).

This court also notes that courts also have held that the statute does not burden any rights under the Travel Clause because the right to cross state lines does not imply a right to cross state lines to engage in illegal activity. See United States v. Brockdorff, 992 F. Supp. 22, 25 (D.D.C, 1997) (citing Hoke v. United States, 227 U.S. 308 [1913]).

Accordingly, this court concludes that Count One is not subject to dismissal. Therefore, the court will recommend that the defendant's motion to dismiss: unconstitutionality of § 2423(b) be denied.

## MOTION TO DISMISS COUNT TWO: UNCONSTITUTIONALITY
## OF § 2422(b) (DOCKET #20)

In moving to dismiss Count Two, the defendant asserts that, on its face, Count Two is unconstitutional as applied to situations where a defendant allegedly was seeking to have sexual contact with a person he has not previously met. He maintains that in such circumstances, the statute violates the defendant's First and Fifth Amendment rights by failing to require the government to prove that the defendant knew the person was a minor. the defendant's argument regarding the unconstitutionality of Count Two is akin to his argument challenging the constitutionality of § 2423(b) and relies on some of the same cases, including X-Citement Video.

The government opposes the motion based substantially on the same arguments made in its response to the defendant's motion to dismiss Count One as unconstitutional. The government states that the defendant has been charged with an attempted act in Count Two and, therefore, the government must only show that he was going to meet a minor.

Courts had addressed the issue of whether a defendant can be convicted for violating § 2422(b) even though the person the defendant believed was a juvenile was, in fact, an adult. United States v. Meek, 366 F.3d 705, 720 (9th Cir. 2004); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000).

In Meek, the defendant was convicted of using the internet to attempt to induce a minor to engage in sexual activity. Generally, "the crime of attempt requires the specific intent to commit a crime and a substantial step towards the commission of that crime." United States v. Johnson, 376 F.3d 689 (7th Cir. 2004). In Meek, in upholding the conviction, the court held

- 8 -

that "an actual minor victim is not required for an attempt conviction under § 2422(b)." 366 F.3d at 720 (quoting United States v. Root, 296 F.3d 1222, 1227 [11th Cir. 2002]).

In Root, the defendant was charged with an attempt to induce a minor to engage in sexual activity in violation of § 2422(b). In affirming the conviction even though the "minor" actually was an adult law enforcement officer, the court explained that it previously had affirmed convictions for an attempt to commit an offense, even where the defendant did not commit the final act required for a conviction of the underlying crime. The court stated that it had affirmed convictions where, as in the case before it, the defendants could not have achieved the required final act because it would have been impossible to commit the actual crime, citing as an example United States v. Carothers, 121 F.3d 659, 662 (11th Cir. 1997) (per curiam). In Carothers, the court stated: "Simply because Defendant [convicted of attempt to possess ecstacy] received no illegal drugs from his supplier on this occasion [and received legal drugs instead] does not provide a defense to a crime for which his objective acts clearly demonstrate an intent to commit." Id. at 662. The reasoning and analysis of these courts is persuasive.

In this case, because it was factually impossible for the defendant to complete the offense, the defendant could only be charged with an attempt to induce a minor to engage in sexual activities. Count Two charges that offense.

Based on the foregoing, the court concludes that it is not necessary for an actual minor to be involved in an attempt offense under § 2422(b). The court further concludes, contrary to the defendant's contention, that § 2422(b) is not unconstitutional. Accordingly, the court will recommend that the defendant's motion to dismiss Count Two based on the alleged unconstitutionality of § 2422(ne) be denied.

- 9 -

## MOTION TO DISMISS COUNT ONE: NO VIOLATION OF LAW (DOCKET #15)
### AND
## MOTION TO DISMISS COUNT TWO: NO VIOLATION OF LAW (DOCKET #17

The defendant moves this court to dismiss Count One of the indictment because under the government's version of the facts, his purpose in traveling to Wisconsin was to meet an adult male, not a minor. (Docket #15). Therefore, the defendant contends that he did not violate 18 U.S.C. § 2423(b) as alleged. Similarly, in moving to dismiss Count Two, the defendant asserts that because the person whom he attempted to persuade to engage in sexual activity was an adult, rather than a minor, he did not violate 18 U.S.C. § 2422(b) as the indictment alleges. (Docket #17).

Because the defendant's arguments are essentially the same with respect to both motions, the court will address the motions together. As to both motions, the defendant asserts that the facts are undisputed for present purposes. The defendant further maintains that when it is clear that even a facially sufficient indictment cannot support a conviction on the undisputed facts, the court may grant a pretrial motion to dismiss, citing Fed. R. Crim. P. 12(d) and United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988).

The government opposes the motions. The government asserts that the defendant is essentially arguing that § 2423(b) and § 2422(b) cannot provide a basis for criminal conviction in a case where an actual minor is not present. The government states that, although the court of appeals for this circuit has not yet determined whether a violation of § 2423(b) and § 2422(b) requires that a defendant have knowledge that the person with whom he intended to engage in sexual activity was actually under the age of 18, other federal

- 10 -

appellate courts have rejected this contention.[1] Rather, the government states that these courts have held that an actual victim is not required for a prosecution for travel with the requisite intent under § 2423(b) or with using a facility of interstate commerce, the internet, to attempt to entice a minor to engage in sexual activity.

An indictment ordinarily is tested solely on its sufficiency to charge an offense, regardless of the strength or weakness of the government's evidence. United States v. Sampson, 371 U.S. 75, 78-79 (1962); Risk, 843 F.2d at 1061. In Risk, cited by the defendant, the district court dismissed the indictment because the court found the allegations in the indictment insufficient to state a claim under the currency transaction reporting statute. 843 F.2d at 1061. The district court found that the government's own facts did not constitute a violation of any statute. As the appellate court explained, the district court dismissed the indictment, "not because the government could not prove its case, but because there was no case to prove." Id.

Here, the defendant's argument focuses on the fact that the person he was to meet was actually an adult, not a minor. As this court has concluded in addressing the defendant's motion to dismiss based on the alleged unconstitutionality of § 2423(b), the statute does not require that the intended victim actually be a minor. Rather, § 2423(b) criminalizes interstate travel for an illicit purpose. Thus criminal liability is based on the purpose for which a defendant traveled. See Tykarsky, 446 F.3d at 465; Han, 230 F.3d at 563; Bredimus, 352 F.3d at 208; Root, 296 F.3d at 1227; Meek, 366 F.3d at 720. Moreover, as previously

---

[1]The government cites the following cases to support its position: United States v. Tykarsky, 446 F.3d 458, 469 (3d Cir. 2006); United States v. Helder, 452 F.3d 751 (8th Cir. 2006); United States v. Root, 296 F.3d 1222, 1232 (11th Cir. 2002); United States v. Vail, 101 Fed. Appx. 190, 192 (9th Cir. 2004) (citing United States v. Meek, 366 F.3d 705, 717-18 (9th Cir. 2004); United States v. Han, 66 F.Supp.2d 362, 366 (N.D. N.Y. 1999) (affirmed by United States v. Han, 230 F.3d 560, 563 [2d Cir. 2000]).

explained, Moore v. State, cited by the defendant, is clearly distinguishable from this case and provides no support for the defendant's position.

Similarly, courts have upheld a defendant's conviction for violating § 2422(b) even though the person a defendant believed to be a minor was an adult. In Root, 296 F.3d at 1231, the Court of Appeals for the Eleventh Circuit held that criminal liability "turns simply on the purpose for which the defendant traveled." The court found that it made no difference that an actual minor was not involved. Rather, the court held that the defendant's belief that a minor was involved was sufficient to sustain an attempt conviction under § 2422(b); see also, United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001); Bailey, 228 F.3d at 639.

In United States v. Kraase, 484 F.2d 549 (7th Cir. 1973), cited by the defendant, the statute at issue, 18 U.S.C. § 922(a)(5), prohibits any person, other than a licensed importer, manufacturer, dealer, or collector, to sell any firearm to any person other than a licensed importer, manufacturer, dealer, or collector "who the transferor knows or has reasonable cause to believe resides in . . . the state other than that is which the transferor resides." 18 U.S.C. § 922(a)(5). In Kraase, the defendant was convicted of selling a .25 caliber automatic pistol to an undercover agent who falsely represented himself to be an Illinois resident when, in fact, both he and the defendant were Wisconsin residents.

In overturning the conviction, the appeals court concluded that the statutory language of § 922(a)(5) was ambiguous and that construing the statute as punishing an unlicensed firearms sale regardless of the actual residence of the purchaser "dramatically intrudes upon traditional state criminal jurisdiction." Id. (quoting United States v. Bass, 404 U.S. 336, 350 [1971]). The court also pointed out that the predecessor statute to § 922(a)(5) clearly provided that it was unlawful to sell such firearm "to any person . . . who resides in any state

- 12 -

other than that in which the transferor resides." 484 F.2d at 551. Thus, Kraase is clearly distinguishable from the instant case.

Here, the focus of the statutes at issue is on the defendant's intent to engage in an unlawful sexual act with a juvenile, coupled with travel across state lines to commit such offense. Vang, 128 F.3d at 1069; Bredimus, 352 F.3d at 208; Root, 296 F.3d at 1231. The alleged purpose of the trip was to engage in sexual relations with a minor. Accordingly, neither § 2423(b) nor § 2422(b) requires that an intended victim actually be a minor.

In sum, the court concludes that Counts One and Two of the indictment sufficiently charge an offense and are not subject to dismissal on their face. Therefore, this court will recommend that the defendant's motion to dismiss Count One: no violation of law and motion to dismiss Count Two: no violation of law be denied.

## MOTION TO DISMISS COUNT TWO: INSUFFICIENCY OF INDICTMENT (DOCKET #21)

The defendant seeks an order dismissing Count Two of the indictment on the grounds that it is facially insufficient because it "fails to identify in any way either the sexual activity or federal criminal offense underlying the charge." (Defendant's Reply Brief in Support of his Motion to Dismiss Count Two: Insufficiency of Indictment at 1). He asserts that Count Two fails to inform him of what criminal sexual behavior he sought to entice a minor to engage in or what federal offense the sexual activity would violate. Accordingly, the defendant maintains that Count Two violates due process, grand jury, and notice rights under the Fifth and Sixth Amendments because it fails to provide him with sufficient notice of the charge.

The government asserts that even though the indictment does not specifically identify which sexual activity the defendant had hoped to engage in with a minor, it sufficiently charges a violation of § 2422(b) because it adequately states the elements of the crime charged and informs the defendant of the charge to enable him to use the judgment against

- 13 -

any future prosecution for the same offense. The government points out that Count Two indicates that the sexual activity must be illegal under federal law and explicitly references § 2422(b).

An indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Civ. P. 7(c). To be sufficient, an indictment must: (1) state all of the elements of the offense charged; (2) be sufficiently specific to inform the defendant of the charge; and (3) enable him to plead double jeopardy in any future prosecution for the same offense. United States v. Sandoval, 347 F.3d 627, 633 (7th Cir. 2003); United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991). An indictment is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997).

Although an indictment that is in the words of the statute itself is generally sufficient and preferred, the indictment need not track the exact language of the statute. United States v. Weatherspoon, 581 F.2d 595, 600 (7th Cir. 1978). It must, however, allege each element of the offense in a form which substantially states it. Id. In other words "while an indictment must allege all of the elements necessary to prove a violation of the statute, 'it is not necessary to spell out each element, [so long as] each element [is] present in context.'" United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001) (quoting United States v. Smith, 223 F.3d 554, 571 [7th Cir. 2000]).

In United States v. Palumbo Bros., Inc., 145 F.3d 850, 860 (7th Cir. 1998), the court explained that, in reviewing the sufficiency of an indictment "a court should consider each 'challenged count as a whole and should refrain from reading it in a hypertechnical manner.'"

- 14 -

Id. (quoting United States v. McNeese, 901 F.2d 585, 602 [7th Cir. 1990]); see also, Sandoval, 347 F.3d at 633. "The indictment must be 'read to include facts which are necessarily implied' and 'construed according to common sense.'" Palumbo Bros., 145 F.3d at 860 (quoting United States v. Blinder, 10 F.3d 1468, 1471 [9th Cir. 1993]). The test for validity is not whether the indictment could have been written in a more satisfactory manner, but whether it conforms to minimal constitutional standards. United States v. Allender, 62 F.3d 909 (7th Cir. 1995).

In this case, Count Two of the indictment states:

> From August 16, 2006, to on or about August 23, 2006, at Round Rock, Texas, and in the Eastern District of Wisconsin, and elsewhere,

> ### WILLIAM A. DOYLE III
> ### a/k/a BILL DAVIDSON

> used a facility in interstate commerce, that is, a computer connected to the internet, to attempt to knowingly persuade, induce, entice and coerce a person under eighteen years of age, in Milwaukee County, to engage in sexual activity for which the defendant could be charged with a criminal offense under federal law.

> All in violation of Title 18, United States Code, Section 2422(b).

In arguing that Count Two is insufficient, the defendant points out that in Sandoval, unlike in the instant case, the indictment included a specific reference to provide notice of the "felony crime of violence" element alleged in the indictment. In this case, the indictment states that engaging in the sexual activity could subject the defendant to federal criminal charges. The indictment basically tracks the wording of the statute. Generally, in such case an indictment is held to be sufficient. Hamling, 418 U.S. at 117-18.

- 15 -

In addition, the indictment sets forth all the necessary elements of the offense charge, namely: 1) that the defendant knowingly used a computer connected to the internet to attempt to persuade or induce an individual under the age of 18 to engage in sexual activity; 2) that the defendant believed that such individual was less than 18 years of age; 3) that if the sexual activity had occurred, the defendant could have been charged with a federal criminal offense; and 4) that the defendant acted knowingly and willingly. Pattern Jury Instructions, Criminal Cases, Eleventh Circuit, (2003), 18 U.S.C. § 2422(b). The defendant has provided no authority to support his contention that the particular sexual activity or federal criminal offense must be clearly identified.

Here, the indictment provides the defendant with a description of the charges against him so that he can prepare a defense and can plead double jeopardy against any subsequent prosecution. See Sandoval, 347 F.3d at 633; Glecier, 923 F.2d at 499. As such, the court concludes that Count Two of the indictment is sufficient. Accordingly, the court will recommend that the defendant's motion to dismiss the indictment on insufficiency grounds be denied.

## MOTION TO SUPPRESS TELEPHONE CONVERSATIONS (DOCKET #27)

The defendant seeks suppression of evidence obtained as a result of the monitoring of his telephone calls while he was a pretrial detainee at the Waukesha County Jail. He contends that the monitoring violated his rights under the First, Fourth and Fifth Amendments. He also asserts that the interception of his telephone conversations constitutes an unlawful interception and disclosure of a wire communication in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended,18 U.S.C. §§ 2510-22 (Title III). The defendant requests an evidentiary hearing on the motion.

- 16 -

In opposing the motion, the government states that the defendant's arguments are foreclosed by the court's decision in United States v. Sababu, 891 F.2d 1308, 1328-30 (7th Cir. 1989). The government asserts that the defendant cites no case law to support assertion of a Fifth Amendment violation.

At the outset, the court notes that it declined to hold an evidentiary hearing on the defendant's motion. The court concluded that the motion could be resolved based on the facts presented in the affidavit of an administrator at the Waukesha County Jail.

## Relevant Facts

On August 24, 2006, a federal complaint and arrest warrant was issued for the defendant, charging him with traveling across state lines with the intent to engage in a sexual act with a minor in violation of 18 U.S.C. § 2423(b). The defendant made his initial appearance before United States Magistrate Judge Aaron E. Goodstein the following day. Following a detention hearing, Judge Goodstein ordered the defendant detained pending trial. On September 19, 2006, a federal grand jury in this district returned a five-count indictment against the defendant, charging him with violations of 18 U.S.C. §§ 2423(b), 2422(b), 2252(a)(2) and 2252(a)(4)(B).

Since August 25, 2006, the defendant has been detained at the Waukesha County Jail which is administered by the Waukesha County Sheriff's Department. While in custody at the jail, the defendant has made a number of calls to friends and family members. These calls are, and will continue to be, recorded. With the exception of calls between inmates and their attorneys, all inmate calls at the Waukesha County Jail are recorded. (Affidavit of Margaret E. Schnabl, Deputy Jail Administrator, Waukesha County Jail, [Schnabl Aff.], ¶ 5).

At the beginning of each inmate call, an audio message states, "THIS IS A CALL FROM [INMATE'S NAME] AN INMATE AT THE WAUKESHA COUNTY JAIL. THIS CALL

WILL BE RECORDED AND IS SUBJECT TO MONITORING AT ANY TIME." Id. ¶ 6. This

warning is audible to both the inmate caller and the recipient. Id. Warnings printed in both

English and Spanish are posted next to the telephones used by inmates at the jail. Id. ¶ 7.

Each warning states in English:

> NOTICE: THE WAUKESHA COUNTY SHERIFF'S
> DEPARTMENT or their agents reserve the authority to monitor
> and record conversations on this telephone. Your use of this
> telephone constitutes consent to this monitoring and recording.
> Additionally, calls may be subject to time limitations as
> established by this institution. A properly placed call to an
> attorney will not be monitored or recorded.

Id. ¶ 7, Exh. A.

According to Deputy Jail Administrator Schnabl, when the defendant was admitted to

the Waukesha County Jail, he was provided with a copy of the "Inmate Rulebook," a

"Telephone PIN Number," and a "Call Disclaimer." Id. ¶ 8. The defendant acknowledged the

receipt of these items by affixing his signature at the bottom of the form. The form reads:

> I acknowledge that I have received a copy of the Waukesha
> County Jail Rules and Regulations. I further acknowledge that I
> am responsible for the contents of this booklet. I acknowledge
> that I am aware that all telephone calls I make from this facility,
> other than attorney calls, are recorded. I understand I will be
> issued a PIN number and information to access use of the
> Waukesha County Jail collect call phone system upon successful
> completion of the booking process.

Id.

The defendant also received an informational document labeled "Waukesha County

Jail Inmate Telephone Service Information," which explains the jail's Inmate Telephone

Service and also provides the inmate with a "Jail Booking Number" and "4-digit PIN number."

Id. ¶ 9. At the bottom, the form states in bold letters: "BE ADVISED PHONE CALLS, OTHER

- 18 -

THAN ATTORNEY CALLS, MADE FROM THE INMATE PHONE SYSTEM ARE RECORDED." Id.

The defendant asserts that the recording of his non-attorney conversations violated his Fourth Amendment rights. However, to invoke the Fourth Amendment's protection, the defendant must establish a legitimate expectation of privacy in the area searched or the subject matter seized. See Katz v. United States, 389 U. S. 347, 353 (1967) (holding that the Fourth Amendment extends to the recording of oral statements where the person has a legitimate expectation of privacy).

In Sababu, 891 F.2d at 1329, the court of appeals for this circuit held that a woman calling an inmate at Leavenworth, a high security federal penitentiary, had no reasonable expectation of privacy in her taped telephone conversations with the inmate. Although the defendant argues that Sababu is distinguishable because it involved a convicted inmate, the defendant misses the point that a woman, Dora Garcia, who was seeking suppression of the conversations, was at liberty and was complaining about the monitoring of her calls to an inmate. The court rejected her claim, explaining that Ms. Garcia was a frequent visitor to the prison and well aware of the strict security measures in place. The court said that she was put on notice through the Code of Federal Regulations that prison officials were authorized to monitor inmates' telephone calls. Id. Thus, given the pervasive monitoring that occurs in prisons, "even free persons communicating with prisoners have no reasonable expectation of privacy in such communications." United States v. Triliegi, Case. No. 04-CR-160 (E.D. Wis. July 11, 2005) (citing Sababu, 891 F.2d at 1329-30).

In this case, even though he is a pretrial detainee, the defendant is entitled to no greater privacy rights than a person at liberty. See Sababu, 891 F.2d at 1329. Accordingly,

the court concludes that the defendant had no reasonable expectation of privacy in his telephone calls at the jail under the Fourth Amendment.

The defendant also asserts that the recording of his telephone calls constitutes a violation of the federal wiretap statute. Title III generally prohibits the interception of wire, oral or electronic communications absent court authorization, with certain exceptions. The statute contains an exception for interceptions "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii). An investigative or law enforcement officer is defined under the statute as a person "who is empowered by law to conduct investigations or to make arrests for offenses enumerated in this chapter." 18 U.S.C. § 2510(7). Prison officials are investigative or law enforcement officers within the meaning of the statute. Sababu, 891 F.2d at 1328; United States v. Feekes, 879 F.2d 1562, 1565 (7th Cir. 1989).

Here, the Waukesha County Jail has an established policy of recording inmate calls. Deputy Jail Administrator Schnabl has been a law enforcement officer with the Waukesha County Sheriff's Department since 1983 and is responsible for "administrative oversight of the recording, archiving and retrieval of recorded inmate telephone communications." (Schnabl Aff. ¶ 2). Thus, since she is a law enforcement officer within the meaning of § 2510(7), the monitoring of the plaintiff's calls falls within the parameters of § 2510(5)(a)(ii).

Another exception under the statute is where "one of the parties to the communication has given prior consent to such interception. 18 U.S.C. § 2511(2)(c). Consent may be expressed or implied. United States v. Workman, 80 F.3d 688, 693 (2nd Cir. 1996). Courts have held that an inmate who has received actual notice that his calls will be recorded and who makes a call has impliedly consented. See Amati v. City of Woodstock, 176 F.3d 952,

- 20 -

955 (7th Cir. 1999) ("If there is actual notice, as in United States v. Sababu, 891 F.2d 1308, 1323 (7th Cir. 1989), there will normally be implied consent.").

In this case. the undisputed facts establish that the defendant received written and audio warnings that his telephone calls would be recorded and were subject to monitoring. Despite such warnings, the defendant made the telephone calls. Accordingly, he impliedly consented to their recording and monitoring. Thus, the court will recommend that the defendant's motion to suppress his recorded telephone conversations be denied.

## MOTION FOR DISCLOSURE OF IDENTITY OF ALLEGED VICTIM AND TO PRODUCE REPORTS OF INTERVIEWS (DOCKET #24)

The defendant has filed a motion to disclose the identity of the alleged victim in Counts Three, Four and Five of the indictment and to produce reports of interviews with the alleged victim, pursuant to Fed. R. Crim. P. 16 and the Fifth and Sixth Amendments to the United States Constitution. The defendant maintains that the government's refusal to identify the alleged victim violates his rights to due process, to prepare a defense, to the effective assistance of counsel, to compulsory process and to notice of the nature of the accusations against him. He also claims that the non-disclosure violates Fed. R. Crim. P. 16(a)(1)(A) to the extent that the information was obtained as a result of an oral statement given by the defendant. The defendant asserts that he needs the information requested to investigate the case and prepare for trial.

The government opposes the motion, asserting that the alleged victim will not be called as a witness in its case-in-chief at trial. Therefore, the government states that its "open file" policy does not require disclosure of the information requested.

- 21 -

It is well settled that "[t]here is no general constitutional right to discovery in a criminal case, and Brady,[2] which addressed only exculpatory evidence, did not create one." Gray v. Netherland, 518 U.S. 152, 168 (1996) (quoting Weatherford v. Bursey, 429 U.S. 545, 559 [1977]). Title 18 United States Code § 3500, commonly known as the Jencks Act, provides for the disclosure of a witness' statement only after that witness has testified on direct examination in the trial of the case. 18 U.S.C. § 3500(a).

Rule 16 of the Federal Rules of Criminal Procedure requires the government to disclose certain information, including a defendant's prior criminal record, his oral, written or recorded statement, and certain reports of experts, tests and examinations upon the defendant's request. The rule does not mandate that reports of interviews with non-witnesses be disclosed. With respect to a defendant's oral statement, Fed. R. Crim. P. 16(a) states that the "substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation" must be disclosed at the defendant's request" if the government intends to use the statement at trial.

The defendant has not indicated that he provided an oral statement containing information about the victim and the government has not indicated whether it plans to use any such statement at trial, if in fact such statement exists. The government is certainly aware of its obligations to comply with Rule 16(a) and Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. The government has represented that the alleged victim will not be called to testify in its case-in-chief. In the absence of any case law or other authority requiring the disclosure of the identity of the alleged non-testifying victim and the production of any interview reports with the victim, the defendant is not entitled to the information he seeks.

_____

[2]Brady v. Maryland, 373 U.S. 83 (1963).

Therefore, the defendant's motion to disclose the identity of the alleged non-testifying victim and to produce reports of such interview will be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant William Doyle's motion to dismiss Count One: unconstitutionality of § 2423(b). (Docket #19).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant William Doyle's motion to dismiss Count Two: unconstitutionality of § 2422(b). (Docket #20).

**IT IS ALSO RECOMMENDED** that the United States district judge enter an order **denying** defendant William Doyle's motion to dismiss Count One: no violation of law. (Docket #15).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant William Doyle's motion to dismiss Count Two: no violation of law. (Docket #17).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant William Doyle's motion to dismiss Count Two: insufficiency of indictment. (Docket #21).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant William Doyle's motion to suppress telephone conversations. (Docket #27).

- 23 -

**IT IS ORDERED** that defendant William Doyle's motion for disclosure of the identity of the alleged victim and for production reports of interviews be and hereby is **denied**. (Docket #24).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C), Federal Rule of Criminal Procedure 59(a) and (b), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin this 22 day of November, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge