# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                               **Case No. 06-CR-224**

**WILLIAM DOYLE**
           **Defendant.**

---

## DECISION AND ORDER

The government charged defendant William Doyle in a five-count indictment with (1) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, to wit a sexual act with a person under the age of eighteen, contrary to 18 U.S.C. § 2423(b); (2) use of a facility in interstate commerce, i.e. a computer connected to the internet, to attempt to persuade, induce or entice an individual under the age of eighteen to engage in sexual activity, contrary to 18 U.S.C. § 2422(b); (3 & 4) two counts of distribution of child pornography that had been mailed, shipped, and transported in interstate commerce, contrary to 18 U.S.C. § 2252(a)(2); and (5) possession of child pornography that had been transported in interstate commerce, contrary to 18 U.S.C. § 2252(a)(4)(B).

Defendant filed motions to dismiss counts one and two, arguing that (1) the charging statutes are unconstitutional, (2) counts one and two fail to allege a violation of law, and (3) the indictment is insufficient as to count two. The motions were referred to a magistrate judge, who recommended denial. Defendant objects, requiring me to consider the motions de novo. Fed. R. Crim. P. 59(b).

# I. CONSTITUTIONALITY OF STATUTES

## A.     Count One: 18 U.S.C. § 2423(b)

Count one alleges that defendant traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with a person under the age of eighteen, in violation of 18 U.S.C. § 2423(b).  Section 2423(b) provides:

> A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(b).  Section 2423(f) defines the term "illicit sexual conduct" in pertinent part as "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States."  18 U.S.C. § 2423(f).  Section 2246 defines the term "sexual act" as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

18 U.S.C. § 2246(2).  Finally, chapter 109A, 18 U.S.C. §§ 2241-2248, covers the sexual abuse of minors in federal enclaves.  For instance, § 2243(a) forbids engaging in "a sexual act with

2

another person who – (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging[.]" 18 U.S.C. § 2243(a). Section 2243(c) provides for an affirmative defense in such cases, if "the defendant reasonably believed that the other person had attained the age of 16 years." 18 U.S.C. § 2243(c). However, § 2243(d) further provides that "the Government need not prove that the defendant knew – (1) the age of the other person engaging in the sexual act; or (2) that the requisite age difference existed between the persons so engaging." 18 U.S.C. § 2243(d).

In the present case, defendant moves to dismiss count one, arguing that on its face and as applied § 2423(b) violates his First and Fifth Amendment rights by not requiring the government to prove that he knew the other person was a minor. He claims that the statute is violated if a person travels interstate with the purpose of engaging in sexual activity with someone he has not personally met and whom he believes to be an adult, but who turns out to be a minor.

Defendant relies on United States v. X-Citement Video, 513 U.S. 64 (1994), in which the Court considered 18 U.S.C. § 2252. That statute provides, in pertinent part:

(a) Any person who –

    (1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if --
        (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
        (B) such visual depiction is of such conduct;
. . .
shall be punished as provided in sub-section (b) of this section.

18 U.S.C. § 2252(a). The issue in X-Citement Video was whether the defendant had to know that minors were depicted in the materials he distributed. Consistent with the common law presumption of a mens rea requirement, and in order to avoid the First Amendment concerns

3

that would arise under a contrary construction, the Court held "that the term 'knowingly' in § 2252 extends both to the sexually explicit nature of the material and to the age of the performers." Id. at 78. The Court recognized the exception to the common law presumption of mens rea in certain offenses such as statutory rape, in which the victim's actual age was determinative despite the defendant's reasonable belief that the girl had reached age of consent.

> But as in the criminalization of pornography production at 18 U.S.C. § 2251, [in statutory rape cases] the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age. The opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver. Thus we do not think the common-law treatment of sex offenses militates against our construction of the present statute.

Id. at 72 n.2.

Defendant states that, under § 2423(b), if the person traveling interstate for purposes of engaging in sexual activity has not previously met his putative partner, the absence of a scienter requirement places him in jeopardy if the person turns out to be a minor. Because there is no reliable way to determine the other person's age via the internet, the rationale ordinarily supporting strict liability in child sex cases should not apply. This is particularly true, he contends, given the harsh penalties applicable to § 2423(b) offenses, up to thirty years in prison. See Staples v. United States, 511 U.S. 600, 616 (1994) (requiring the government to prove scienter in part because of the potentially harsh penalty).

Finally, defendant notes that the court cannot construe the statute as requiring scienter as to the other person's age, since § 2243(d) makes clear that "the Government need not prove that the defendant knew . . . the age of the other person engaging in the sexual act." 18 U.S.C. § 2243(d). Therefore, he argues that § 2423(b) unconstitutionally chills First and Fifth

4

Amendment rights to travel, associate and engage in consensual sexual relationships with other adults. He further claims that the statute is overbroad because it punishes a person's mistaken belief that the person with whom he intends to have relations is an adult, absent prior face to face contact. In such situations, he argues, the government must bear the burden of proving the defendant's knowledge that the person is a minor.

Defendant's argument is off base.[1] First, § 2423(b) does not prohibit otherwise protected speech or association if the defendant erroneously assumes he is dealing with an adult. Instead, § 2423(b) proscribes conduct, i.e. traveling across state lines, with a specific purpose, i.e. to engage sexual acts with a minor. See, e.g., United States v. Hicks, 457 F.3d 838, 841 (8th Cir. 2006) ("We hold that a defendant may be convicted of violating § 2423(b) if he or she travels in interstate commerce with the purpose of engaging in criminal sexual conduct with a person believed to be a minor regardless of whether such person is actually a minor."); United States v. Root, 296 F.3d 1222, 1231-32 (11th Cir. 2002) (citing United States v. Vang, 128 F.3d 1065, 1069 (7th Cir. 1997)) (noting that a conviction under § 2423(b) turns on the purpose for which the defendant traveled, i.e. to engage in criminal sexual activity with

---

[1]Defendant's argument encompasses both constitutional and statutory construction aspects. Whether a statute requires proof of specific knowledge or intent is generally a question of statutory construction. Staples, 511 U.S. at 604. In some instance, a statute's failure to require such knowledge may implicate constitutional concerns, particularly if the conduct at issue is otherwise constitutionally protected. See, e.g., X-Citement Video, 513 U.S. at 86 (Scalia, J., dissenting) ("I would find the statute, as so interpreted, to be unconstitutional since, by imposing criminal liability upon those not knowingly dealing in pornography, it establishes a severe deterrent, not narrowly tailored to its purposes, upon fully protected First Amendment activities."); see also United States v. Lanier, 520 U.S. 259, 266 (discussing the due process requirement of fair warning, which may be violated when a statute fails to make reasonably clear at the relevant time that the defendant's conduct was criminal.). In the present case, defendant's argument is that, because § 2423(b) does not require proof of knowledge of the other person's age, it interferes with his rights to speech, travel and intimate sexual relationships.

5

a person under age 18).  While the planning of such an offense may involve speech, the statute in no way regulates speech, and the crime itself is not committed until the person travels across a state line with the requisite purpose.  United States v. Cote, No. 03 CR 271, 2005 U.S. Dist. LEXIS 11725, at *7 (N.D. Ill. May 26, 2005).  Thus, the statute does not chill protected adult speech because it is not concerned with speech.

Consistent with this construction, courts have uniformly rejected similar constitutional challenges to § 2423(b).  See, e.g., United States v. Tykarsky, 446 F.3d 458, 471 (3d Cir. 2006) (rejecting First Amendment challenge to § 2423(b) because the statute does not cover "mere preparation, thought or fantasy" but only travel with an illicit purpose, and Fifth Amendment challenge because the right to travel does not include the right to travel for an illicit purpose); United States v. Buttrick, 432 F.3d 373, 375-76 (1st Cir. 2005), cert. denied, 126 S. Ct. 2861 (2006) (rejecting First and Fifth Amendment challenges); United States v. Bredimus, 352 F.3d 200, 208 (5th Cir. 2003) (rejecting First and Fifth Amendment challenges because § 2423(b) "does not prohibit mere thought or mere preparation because it requires as an element that the offender actually travel in foreign commerce"); United States v. Han, 230 F.3d 560, 563 (2d Cir. 2000) (rejecting First Amendment challenge because § 2423(b) does not proscribe thinking about sex with a minor, but rather crossing state lines with the purpose of engaging in such acts); Cote, 2005 U.S. Dist. LEXIS 11725, at *6-8 (rejecting the argument that § 2423(b) regulates speech because no crime occurs until the person travels with the intent to engage in a sexual act with a minor); cf. United States v. Bach, 400 F.3d 622, 628-29 (8th Cir.), cert. denied, 126 S. Ct. 243 (2005) (noting that the liberty interest the Court recognized in Lawrence v. Texas, 539 U.S. 558 (2003) was for adults engaging in consensual sexual relations in private, not sexual activities involving minors).

6

Second, § 2423(b) does not potentially bring within its ambit adults who travel expecting a rendezvous with another adult. In order to constitute a crime, the purpose of the travel must be to engage in illicit sexual activity. In other words, the statute requires the government to prove that the defendant traveled with the intent of having sex with a person the defendant believed to be a minor. See, e.g., United States v. Blazek, 431 F.3d 1104, 1108 (8th Cir. 2005), cert. denied, 126 S. Ct. 1800 (2006) ("A § 2423(b) travel violation turns not on the actual age of the intended victim, but on whether the defendant traveled in interstate commerce with the requisite criminal intent, here, for the purpose of engaging in a sexual act with a minor between the ages of twelve and sixteen."); cf. United States v. Vail, 101 Fed. Appx. 190, 192 (9th Cir. 2004) (rejecting the defendant's argument that he could not be convicted under § 2423(b) because he expected to meet a minor who turned out to be an adult).[2]

Defendant notes that under § 2243(d) the government need not prove that the defendant knew the age of the other person engaging in the sexual act. However, defendant is not charged under § 2243. That provision punishes a person who engages in sexual acts with a minor within a federal enclave. Thus, a defendant convicted under § 2243 will have had face-to-face contact with the minor-victim.[3] The present case involves § 2423(b), which proscribes travel with the intent to engage in sexual activity which, if it had occurred, would violate § 2243 or some other provision of chapter 109A. Thus, although there need not be

_____

[2]The Seventh Circuit does not have a pattern jury instruction for § 2423(b) cases. However, other pattern instructions make clear that in § 2423(b) cases the government must prove that the defendant acted with the intent to engage in sexual acts with a person between twelve and sixteen, who was at least four years younger than him. 3-64 Modern Federal Jury Instructions - Criminal ¶ 64.05.

[3]Even so, a § 2243 defendant may raise as an affirmative defense his reasonable belief that the other person had attained the age of sixteen years. 18 U.S.C. § 2243(c)(1).

7

face-to-face contact in a § 2423(b) case, the statute requires the government to prove that the defendant traveled with the intent to engage in conduct which, if completed, would be unlawful under chapter 109A. The statute does not impinge on constitutionally protected relationships or associations.

Therefore, I find that § 2423(b) is not unconstitutional on its face or as applied and deny defendant's motion to dismiss count one accordingly.

**B.     Count Two: 18 U.S.C. § 2422(b)**

Count two alleges that defendant used a facility in interstate commerce, i.e. a computer connected to the internet, to attempt to induce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

As with count one, defendant argues that § 2422(b) violates the First and Fifth Amendments because it does not require the government to prove that the defendant knew the person he sought to induce was a minor. He again relies on X-Citement Video and contends that because even sexually-related speech is protected by the First Amendment, this statute cannot stand absent a scienter requirement. This is particularly true where, as is alleged in the present case, all of the charged communications occurred over the internet, thus preventing the defendant from personally verifying the other person's age. See State v. Weidner, 235 Wis. 2d 306, 314 (2000) ("Because age represents the critical element separating illegal

8

conduct from that which remains protected, to avert significant constitutional dilemmas some form of scienter must be implied in a statute imposing criminal liability based on age.").

Defendant's argument on count two fails for essentially the same reason as his argument on count one.[4] Under § 2422(b), where, as here, the indictment alleges an attempt, the government must prove that the defendant believed the other person was less than eighteen years of age. See Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 80 (providing that in § 2422(b) attempt cases, the government must prove that (1) the defendant knowingly used a computer to attempt to persuade, induce or entice an individual under the age of eighteen to engage in sexual activity; (2) the defendant believed that such individual was less than eighteen years of age; (3) if the sexual activity had occurred, the defendant could have been charged with a criminal offense; and (4) the defendant acted knowingly and willfully). As the court explained in United States v. Meek, 366 F.3d 705, 718 (9th Cir. 2004):

> From the text of the statute, the elements of criminal liability are manifest: a person must "knowingly"(1) actually or attempt to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense. Following our canons of statutory interpretation, it is apparent that the term "knowingly" refers both to the verbs – "persuades, induces, entices, or coerces" – as well as to the object – "a person who has not achieved the age of 18 years." See United States v. X-Citement Video, Inc., 513 U.S. 64, 72 (1994) ("the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct."); Staples v. United States, 511 U.S. 600, 616 (1994).

---

[4]The magistrate judge recommended denial of this motion, noting that an actual minor is not necessary for an attempt conviction under § 2422(b). I do not understand defendant to argue in the instant motion that a conviction cannot be obtained simply because the "minor" turned out to be an adult law enforcement officer. Rather, he argues that the statute is unconstitutional because it could apply to a person who thought he was arranging sexual contact with an adult who turned out to be a minor.

9

> The statute requires mens rea, that is, a guilty mind. The guilt arises from the defendant's knowledge of what he intends to do. In this case, knowledge is subjective – it is what is in the mind of the defendant. Thus, a jury could reasonably infer that Meek knowingly sought sexual activity, and knowingly sought it with a minor. That he was mistaken in his knowledge is irrelevant. Meek possessed the guilty mind required by the statute.

See also United States v. Schnepper, 161 Fed. Appx. 678, 679-80 (9th Cir. 2006) (finding evidence sufficient to support § 2422(b) conviction where the defendant engaged in sexually explicit discussions with someone he believed was a minor, and that the jury could reject his claim that he believed he was corresponding with an adult); Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 80 ("It is not necessary for the Government to prove that the individual was in fact less than 18 years of age; but it is necessary for the Government to prove that Defendant believed such individual to be under that age.").

As with § 2423(b), this statute is not concerned with the actual age of the person whom the defendant attempted to entice. Rather, it is concerned with the defendant's state of mind. See Hicks, 457 F.3d at 841 (holding that "a defendant may be convicted of attempting to violate § 2422(b) even if the attempt is made towards someone the defendant believes is a minor but who is actually not a minor"). Only those persons who attempt to induce a person they believe to be a minor to engage in sexual acts are subject to liability.

Finally, I note, as to both § 2423(b) and 2422(b), that where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, the court's duty is to adopt the latter. E.g., United States v. Prevatte, 300 F.3d 792, 798 (7th Cir. 2002) (citing Jones v. United States, 529 U.S. 848, 857(2000)). Indeed, the Court applied this rule in X-Citement Video, construing the statute to include a requirement that the person know the age of those depicted in the materials

10

he distributed. 513 U.S. at 78 ("It is therefore incumbent upon us to read the statute to eliminate those doubts so long as such a reading is not plainly contrary to the intent of Congress."). To the extent that there is any ambiguity in §§ 2422(b) & 2423(b), I will construe them to avoid constitutional concerns and require the specific knowledge discussed above.

Therefore, for all of these reasons, I find that § 2422(b) is not unconstitutional and deny defendant's motion to dismiss count two.

## II. COUNTS ONE AND TWO: NO VIOLATION OF LAW

As noted, count one alleges that defendant traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, and count two alleges that he sought to induce a minor to engage in sexual activity. However, defendant contends that both counts fail to allege a violation of law because, under the undisputed facts, the person with whom he sought to engage in sexual activity was actually an adult man (to wit, a Milwaukee police detective who represented himself to be a fifteen year old boy named "Nick") and not an actual minor.[5]

However, federal courts have uniformly rejected the argument that §§ 2423(b) & 2422(b) require an actual minor, as opposed to a police decoy. E.g., Hicks, 457 F.3d at 841; United States v. Helder, 452 F.3d 751, 756 (8th Cir. 2006); Tykarsky, 446 F.3d at 466; United States v. Sims, 428 F.3d 945, 959-60 (10th Cir. 2005); Root, 296 F.3d at 1229 (citing United States v. Farner, 251 F.3d 510 (5th Cir. 2001)); United States v. Miller, 102 F. Supp. 2d 946, 948 (N.D.

---

[5]I will assume, arguendo, that this argument is properly raised under Fed. R. Crim. P. 12(b). See United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988) (stating that the district court may dismiss an indictment where the undisputed facts do not demonstrate a violation of law). Further, although defendant filed separate motions on counts one and two on this ground, his legal theory and analysis is virtually identical on both counts. Therefore, I will consider the motions together.

11

Ill. 2000). This is so because under the statutes "guilt arises from the defendant's knowledge of what he intends to do. . . . That he was mistaken in his knowledge [of the other person's actual age] is irrelevant." <u>Meek</u>, 366 F.3d at 718.

Although the Seventh Circuit has not yet addressed the issue, the analysis employed in the cases cited above is entirely consistent with existing Seventh Circuit precedent in other criminal attempt cases, as the <u>Miller</u> court observed:

> For example, in <u>United States v. Garcia</u>, 89 F.3d 362, 366 (7th Cir. 1996), the court addressed the issue of whether a government agent needed actual possession or real cocaine in order to convict the defendant of criminal attempt to possess cocaine. <u>Id.</u> at 366. The court concluded that the issue was whether Garcia believed that he was buying cocaine, not whether he was actually buying cocaine. <u>Id.</u> "To the contrary, the government regularly secures convictions for attempted possession without actually having proffered to the defendant real cocaine." <u>Id.</u> at 366 (citing <u>United States v. Young</u>, 20 F.3d 758, 760 (7th Cir. 1994) (upholding a conviction for attempted possession of cocaine where the government employed "mock" packages of cocaine during the investigation); <u>see also</u> <u>United States v. Leiva</u>, 959 F.2d 637 (7th Cir. 1992) (sentencing based on attempt to possess 30 kilograms even though government had only possessed 2 kilograms of cocaine and 28 kilograms of flour; defendant's belief as to the amount of cocaine possessed controlled over actual amount). The United States alleges that Mr. Miller similarly believed that the agents he was contacting on the internet were minors. If the government proves beyond a reasonable doubt that the defendant believed the government agents "Jill Kelly" or "Jessi" were underage along with the remaining elements, Mr. Miller can be convicted under the attempt provision in § 2422(b). Common sense and sufficient case law support the proposition that the government need not hire underage agents to police these types of crimes.

102 F. Supp. 2d at 948.

Defendant cites no federal case construing §§ 2422 or 2423 in support of his contention. Instead, he relies primarily on <u>Moore v. State</u>, 882 A.2d 256, 261 (Md. 2005), in which the court reversed the conviction of a man who attempted via the internet to arrange sex with a teenaged girl who turned out to be an undercover police officer. The court held that the state statute at issue there "was not intended to prohibit actions or conduct where the 'victim' was an adult or

a fictitious person, even if the defendant believed that such person was a minor."

The relevant statute in <u>Moore</u> provided that:

A person may not:
. . .
(5) use a computer to knowingly compile, enter, transmit, make, print, publish, reproduce, cause, allow, buy, sell, receive, exchange, or disseminate any notice, statement, advertisement, or minor's name, telephone number, place of residence, physical characteristics, or other descriptive or identifying information for the purpose of engaging in, facilitating, encouraging, offering, or soliciting unlawful sadomasochistic abuse or sexual conduct of or with a minor.

<u>Id.</u> at 257 n.1.

The state argued that the defendant's "purpose" was to solicit sex with a person he believed to be a minor. However, the court noted that the other uses of the word "minor" in sub-section (5) clearly referred to an actual person under the age of eighteen, and that it would be incongruous to have the same word mean different things in the same statute. <u>Id.</u> at 262. The court further noted that there had been numerous legislative attempts to amend the statute to prohibit communications with "someone believed to be a minor," all of which had been rejected. A report accompanying one of the bills noted that a change was necessary because current law did not cover the situation. <u>Id.</u> at 264-65.

For several reasons, I decline to follow <u>Moore</u>. First, the <u>Moore</u> court failed to appreciate the fact that the Maryland statute, like § 2423(b), focuses on the defendant's purpose. One can have the purpose and intent to engage in sexual acts with a minor, even though no actual minor exists. <u>See</u> <u>Hicks</u>, 457 F.3d at 841 (noting that a defendant may be convicted of violating § 2423(b) if he travels in interstate commerce with the purpose of engaging in criminal sexual conduct with a person believed to be a minor regardless of whether such person is actually a minor). This does not mean that the word "minor" has different meanings within the same

13

statute; it simply means that the focus is on the defendant's intent to engage in sexual activity with a person under the age of eighteen, i.e., a minor, rather than the actual age of the person he seeks to meet.

Similarly, § 2422(b) includes an attempt provision, which "indicates that something less than the actual persuasion of a minor is necessary for conviction." Tykarsky, 446 F.3d at 466.

> Interpreting § 2422(b) to require the involvement of an actual minor would render the attempt provision largely meaningless because, as a practical matter, little exists to differentiate those acts constituting "enticement" and those constituting "attempted enticement." The attempt provision is therefore most naturally read to focus on the subjective intent of the defendant, not the actual age of the victim.

Id. at 466-67 (internal citation omitted). Thus, given the purpose and attempt language in the statutes, and their focus on the defendant's mental state, there is nothing incongruous in covering both actual and decoy minors within the same provision.

Second, the federal statutes at issue here do not share a similar legislative history as the Maryland statute at issue in Moore. As the Tykarsky court stated, "the underlying purposes of the law provide substantial evidence of a congressional intent that the defense of legal impossibility should not apply." 446 F.3d at 467.

> [T]he Child Protection and Sexual Predator Punishment Act of 1998 is described as "a comprehensive response to the horrifying menace of sex crimes against children, particularly assaults facilitated by computers." H.R. Rep. No. 105-557, at 10 (1998), U.S. Code Cong. & Admin. News 678. It seeks to address the challenges of computer crimes "by providing law enforcement with the tools it needs to investigate and bring to justice those individuals who prey on our nation's children." The Committee also stated:
>
> > It is the view of the Committee that law enforcement plays an important role in discovering child sex offenders on the Internet before they are able to victimize an actual child. Those who believe they are victimizing children, even if they come into contact with a law enforcement officer who poses as a child, should be punished just as if a real child were involved. It is for this reason that several provisions in this Act prohibit certain conduct involving

14

minors and assumed minors.

H.R. Rep. No. 105-557, at 19.

Id.

Third, there is no similar history of consistent legislative attempts to broaden §§ 2422 and 2423 to include police stings, as with the Maryland statute. Defendant points to no efforts to broaden § 2423. He does point to an unadopted amendment to § 2422 from 1998 that would have made it a crime to "knowingly contact[] an individual, who has been represented to the person making the contact as not having attained the age of 18 years" for the purpose of engaging in sexual activity. H.R. 3494, § 101, 105th Cong., 2d Sess. (1998). However, this particular proposal "addresses 'knowing contact,' rather than knowing 'persuasion,' 'inducement,' 'enticement' and 'coercion,' and was intended to supplement, not replace, § 2422(b)." Tykarsky, 446 F.3d at 468; see also Meek, 366 F.3d at 720 (rejecting reliance on this failed bill); Root, 296 F.3d at 1230-31 (same).

In any event, the federal rule is that failed legislative proposals generally provide little or no insight into the meaning of a statute. See, e.g., Solid Waste Agency of N. Cook County v. United States Army Corps of Eng'rs, 531 U.S. 159, 169-70 (2001) ("Failed legislative proposals are a particularly dangerous ground on which to rest an interpretation of a prior statute. A bill can be proposed for any number of reasons, and it can be rejected for just as many others."); Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 187 (1994) ("Congressional inaction lacks persuasive significance because several equally tenable inferences may be drawn from such inaction, including the inference that the existing legislation already incorporated the offered change."); Meek, 366 F.3d at 720 ("Sorting through the dustbin of discarded legislative proposals is a notoriously dubious proposition.").

15

Thus, although Maryland state courts may find legislative inaction "very significant," Moore, 882 A.2d at 267, federal courts do not.

Finally, as the Tykarsky court noted, a contrary construction would impute to Congress the requirement that law enforcement officials use actual minors in conducting sting operations, a result it could not have intended.  446 F.3d at 469.  Therefore, for all of these reasons, I decline to follow Moore and instead join all of the other federal courts in holding that an actual minor is not necessary under §§ 2422 and 2423.[6]

Defendant notes that § 2422(b) applies to those who seek to induce a minor "to engage in . . . any sexual activity for which any person can be charged with a criminal offense." Although sexual conduct between an adult and child can result in criminal charges, sexual conduct between two consenting adults cannot.  However, this is simply another way of stating that factual impossibility is a defense, an argument rejected by all of the federal cases cited above.  The argument also ignores the fact that the statute punishes attempts to induce a minor to engage in illegal sexual conduct, even those attempts doomed to fail.

Defendant also relies on United States v. Kraase, 484 F.2d 549 (7th Cir. 1973), but that case too is inapposite.  The statute at issue there provided that a person could not transfer a gun to someone the transferor "knows or has reasonable cause to believe resides in" another state.  Id. at 550.  The court reversed the defendant's conviction when the transferee, who

---

[6]The Moore court also cited the rule of lenity.  "While the rule of lenity instructs that ambiguity in the meaning of a statutory provision should be resolved in favor of the defendant, this principle is only applicable where there is a 'grievous ambiguity or uncertainty in the language and structure of the Act.'"  United States v. Turcotte, 405 F.3d 515, 535 (7th Cir. 2005) (quoting United States v. Ranum, 96 F.3d 1020, 1030 (7th Cir. 1996)), cert. denied, 126 S. Ct. 1022 (2006).  No court construing §§ 2422 and 2423 has found such an ambiguity, and I see none.

16

purported to live in another state, was actually an undercover officer who lived in the same state as the defendant. The court ruled that, in the absence of legislative history supporting a broad interpretation, the statute should not apply when the transferee is actually a citizen of the same state as the transferor. Id. at 551-52. While on its face Kraase may appear to lend defendant some support, subsequent cases demonstrate that Kraase is distinguishable. As the Seventh Circuit explained in United States v. Green, 779 F.2d 1313, 1319 (7th Cir. 1985), the statute in Kraase required knowledge of or reasonable cause to believe a "fact" that could be verified at the time of the sale of the firearm, which stands in contrast to statutes requiring knowledge or cause to believe that an event will occur in the future. Under §§ 2422 and 2423, it is the defendant's intent that certain events occur in the future that matters. Thus, as with the statute in Green, Kraase does not apply.

Finally, defendant argues that the language "or attempts to do so" in § 2422(b) should be read to apply only to the phrase "persuades, induces, entices, or coerces." It should not, he contends, apply to attempts that fail because of a mistake as to the other person's age. However, I see no basis in the statutory language or the legislative history to so limit the attempt offense. The phrase "attempts to do so" appears near the end of the statute and thus applies to both the verbs and the object of the offense. See Meek, 366 F.3d at 718.

Therefore, for all of the reasons, the motions to dismiss counts one and two because they fail to allege a violation of law are denied.

### III.  COUNT TWO: SUFFICIENCY OF THE INDICTMENT

Finally, defendant moves to dismiss count two, arguing that the indictment is insufficient. Count two alleges that defendant "attempt[ed] to knowingly persuade, induce, entice and coerce a person under eighteen years of age, in Milwaukee County, to engage in sexual activity

17

for which the defendant could be charged with a criminal offense under federal law." (R. 9 [Indictment] at 3.) Defendant argues that this statement is inadequate because it does not identify the "sexual activity" or the "criminal offense under federal law" to which it refers. He notes that the U.S. Code contains numerous sexual criminal offenses, and he should not have to guess which one is referred to in count two. Thus, he contends that count two violates his rights under the Fifth and Sixth Amendments because it does not provide sufficient notice of the charge.

Under Fed. R. Crim. P. 7(c)(1), an indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Moore, 446 F.3d 671, 676-77 (7th Cir. 2006) (internal quote marks omitted). Ordinarily, an indictment tracking the language of the charging statute will suffice, as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense. United States v. Webster, 125 F.3d 1024, 1029 (7th Cir. 1997). Further, the indictment must be construed in a common sense manner and in its entirety, rather than in a hyper-technical manner. Thus, the failure to explicitly include all the elements of the offense is not fatal so long as the absent elements can be deduced from the language that is actually included in the charging document. United States v. Ramsey, 406 F.3d 426, 430 (7th Cir. 2005). Finally, although the defendant has a right to know the offense with which he is charged, the government need not detail in the indictment how the charge will be proved. United States v. Agostino, 132 F.3d 1183, 1191 (7th Cir. 1997).

18

The present indictment tracks the language of the charging statute, § 2422(b). However, in order to obtain a conviction under § 2422(b), the government must prove that, if the sexual activity had occurred, the defendant could have been charged with a criminal offense. The instant indictment states that defendant could have been charged with an offense under federal law,[7] but it does not identify that offense. The issue thus becomes whether an indictment for a federal offense that incorporates or references another crime must specify that other offense, or whether it is sufficient to simply track the statutory language and leave the referenced crime undefined.

There is support for the former proposition. For instance, in cases involving the Travel Act, 18 U.S.C. § 1952(a), which forbids travel in interstate commerce to further any unlawful activity, courts have noted that while the indictment need not specify all of the elements of such unlawful activity, it should "identify the type of unlawful activity in which the defendants intended to engage." See United States v. Rizzo, 418 F.2d 71, 74 (7th Cir. 1969); see also United States v. Boyd, 309 F. Supp. 2d 908, 914-15 (S.D. Tex. 2004). Similarly, under the money laundering statute, which forbids certain financial transactions with the proceeds of "unlawful activity," 18 U.S.C. § 1956(a), the indictment must advise the defendant of the specific unlawful activity at issue. United States v. Knowles, 2 F. Supp. 2d 1135, 1141 (E.D. Wis. 1998); see also United States v. Edmonds, No. 94-241, 1996 U.S. Dist. LEXIS 1972, at *5-6 (D. Ore. Feb. 8, 1996). Finally, in cases under 18 U.S.C. § 545, which forbids a person from importing or

---

[7]I note that § 2422(b) does not require the possibility of federal charges; indeed, the Eleventh Circuit's pattern jury instruction directs the judge to insert into the jury charge applicable state law crimes. Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 80. Presumably, in many § 2422(b) cases the "criminal offense" with which the defendant could be charged would be statutory rape or sexual assault of a child under state law.

bringing into the United States "any merchandise contrary to law," the indictment cannot simply repeat the quoted phrase but rather must advise the defendant of the statutory provision making the importation illegal. Keck v. United States, 172 U.S. 434, 437 (1899). The Keck Court stated:

> As is apparent, the alleged offence averred in this count was charged substantially in the words of the statute. [Nevertheless, the] allegations of the count were obviously too general, and did not sufficiently inform the defendant of the nature of the accusation against him. The words "contrary to law," contained in the statute, clearly relate to legal provisions not found in section 3082 itself, but we look in vain in the count for any indication of what was relied on as violative of the statutory regulations concerning the importation of merchandise. The generic expression, "import and bring into the United States," did not convey the necessary information, because importing merchandise is not per se contrary to law, and could only become so when done in violation of specific statutory requirements.

Id.; see also United States v. White, 87 Fed. Appx. 566, 572 (6th Cir 2004) (citing Olais-Castro v. United States, 416 F.2d 1155, 1158 (9th Cir. 1969); Steiner v. United States, 229 F.2d 745, 748 (9th Cir. 1956); Babb v. United States, 218 F.2d 538, 541 (5th Cir. 1955)).

I further note that the Seventh Circuit has held that tracking the language of the charging statute may not be sufficient when the offense may be committed in various ways. In United States v. Hinkle, 637 F.2d 1154, 1156 (7th Cir. 1981), the defendant was charged with use of a telephone to facilitate acts constituting a felony under 21 U.S.C. § 841(a)(1). The court found the indictment insufficient, even though it tracked the language of 21 U.S.C. § 843(b). The court stated that the defendant "only knows that she is charged with using the telephone on certain days to facilitate in some manner the doing of one of six types of acts, any of which might involve any one of one hundred and forty-two controlled substances. The indictment tells her nothing about the gravamen of the alleged offense: what she attempted to facilitate with which controlled substance." Id. at 1158. Without being advised of "the controlled substance

20

involved and some sort of statement of what is being facilitated with that controlled substance . . . a defendant is deprived of her Sixth Amendment right to be apprised of the charges against her, and her Fifth Amendment right to establish a record to defend against the possibility of double jeopardy." Id.

This case is presently set for telephonic status on February 23, 2007, at 1:30. I will convert the status to an in-person conference and hear oral argument on this motion at that time.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss count one – unconstitutionality of § 2423(b) (R. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss count two – unconstitutionality of § 2422(b) (R. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss count one – no violation of law (R. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss count two – no violation of law (R. 17) is **DENIED**.

**FINALLY, IT IS ORDERED** that the court will hear oral argument on defendant's motion to dismiss count two – insufficiency of the indictment (R. 21) on **February 23, 2007, at 1:30 p.m.**

Dated at Milwaukee, Wisconsin, this 16th day of February, 2007.

/s Lynn Adelman

_____

LYNN ADELMAN
District Judge

21