**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

    **v.**
                                   **Case No. 06-CR-224**

**WILLIAM DOYLE**
       **Defendant.**

---

## DECISION AND ORDER

The government charged defendant William Doyle with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, use of a facility in interstate commerce to attempt to persuade a minor to engage in sexual activity, distribution of child pornography and possession of child pornography. Following his arrest, defendant was detained. He subsequently made various telephone calls from the jail where he was confined, which were recorded by jail personnel and apparently provided to the government.

Defendant moved to suppress the evidence obtained as a result of the recording of his calls, alleging a violation of his rights under the First, Fourth and Fifth Amendments, and 18 U.S.C. § 2515. The motion was referred to a magistrate judge, who issued a recommendation that it be denied. Defendant objects, requiring me to consider the motion de novo. Fed. R. Crim. P. 59(b).

### I. FACTS

The operative facts, as set forth in the magistrate judge's recommendation, are undisputed. Since August 25, 2006, defendant has been detained at the Waukesha County Jail ("the jail"). While detained at the jail, defendant has made a number of telephone calls to

friends and family members, which have been recorded. With the exception of calls between an inmate and his lawyer, all inmate calls at the jail are recorded consistent with jail rules and regulations. (R. 31-2 [Schnabl Aff.] ¶¶ 3, 5.)

Inmates at the jail are notified of this policy in several ways. First, at the beginning of each call, an audio message states that the call will be recorded and is subject to monitoring at any time. (Id. ¶ 6.) Second, printed warnings in both English and Spanish are posted next to the phones used by inmates, stating that the jail reserves the authority to monitor and record calls and that an inmate's use of the phones constitutes consent to monitoring and recording. (Id. ¶ 7.) Third, upon being received into the jail, inmates receive a copy of the jail's rule-book, of which they must acknowledge receipt, including an acknowledgment that all calls except those to counsel will be recorded. Defendant received and signed for the rule-book. (Id. ¶ 8.) Finally, defendant received a document explaining how the phone system at the jail worked, which again stated that phone calls, other than to attorneys, made from the inmate phone system are recorded. (Id. ¶ 9.)

## II. DISCUSSION

Defendant claims that as a pre-trial detainee, he should have the same right to communicate with friends and family as any other member of the general public. He further argues that he has a reasonable expectation of privacy in his calls from the jail. Courts, including this court, have rejected this argument. See, e.g., United States v. Triliegi, No. 04-CR-160 (E.D. Wis. July 11, 2005) (denying motion to suppress telephone conversations by pre-trial detainee).

It is well-settled that the constitutional rights of pre-trial detainees may be curtailed consistent with security concerns, and that such restrictions are evaluated under the same

2

standard as for convicted prisoners.  See, e.g., Bell v. Wolfish, 441 U.S. 520, 544-47 & n.28 (1979) ("There is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates.").  It is also well-settled that correctional officials have a legitimate security interest in monitoring inmates' phone conversations.  See United States v. Van Poyck, 77 F.3d 285, 290-91 (9th Cir. 1996); see also United States v. Paul, 614 F.2d 115, 116 (6th Cir. 1980).  Further, the Fourth Amendment protects only legitimate expectations of privacy, see Katz v. United States, 389 U.S. 347, 353 (1967), and where, as here, a jail provides notice that calls will be monitored, there is no reasonable expectation of privacy in such communications, United States v. Sababu, 891 F.2d 1308, 1329 (7th Cir. 1989).  In the present case, defendant was plainly advised in several ways that his calls were being monitored and recorded.  He cannot claim a legitimate expectation of privacy under such circumstances.

Defendant argues that Sababu is distinguishable because one of the participants in the calls at issue in that case was a convicted prisoner, rather than a pre-trial detainee.  However, the "extent of curtailment for pretrial detainees is the same as for convicted inmates."  Van Poyck, 77 F.3d at 291 n.10 (citing Bell, 441 U.S. at 546); see also Sherman v. Hoenish, No. 04-C-0437, 2004 U.S. Dist. LEXIS 17597, at *7-9 (W.D. Wis. Aug. 25, 2004) (relying on Sababu to reject Fourth Amendment claim of person whose phone calls were monitored while held in county jail on probation hold).

Defendant further argues that even if the notices provided by the jail informed him of call recording, the passing of the tapes on to prosecutors was unjustified and unexpected.  However, he cites no authority for the proposition that jailers may not share evidence with prosecutors, or that he may claim an expectation of privacy against his prosecutors if not his jailers.  Cf. California v. Greenwood, 486 U.S. 35, 40-41 (1988) (rejecting claim that citizen has

3

legitimate expectation of privacy in garbage which she expects to be picked up by sanitation workers, rather than police).[1]

Finally, defendant argues that the recording of his calls violates the federal wiretap statute, 18 U.S.C. § 2510 et seq.  That law generally forbids the interception of wire, oral or electronic communications.  However, the recording of defendant's calls comes within two exceptions to that general rule.

First, the statute allows interception "by an investigative or law enforcement officer in the ordinary course of his duties."  18 U.S.C. § 2510(5)(a)(ii).  In Sababu, the Seventh Circuit held that prison officials are "investigative or law enforcement officers" and that when they record inmate phone calls pursuant to "an established prison routine" they are acting in the "ordinary course" of their duties.  891 F.2d at 1328-29.  In the present case, it is undisputed that the Waukesha County Sheriff's Department officials who run the jail are law enforcement officers, and that they record inmate calls automatically pursuant to an established policy.  Further, as in Sababu, inmates at the jail are notified of the recording policy.  Thus, "the monitoring was done by law enforcement officers in the ordinary course of duty, and, accordingly, . . . this case falls within the ambit of § 2510(5)(a)(ii)."  Id. at 1329; see Sherman, 2004 U.S. Dist. LEXIS 17597, at *9-10 (holding that Wisconsin county jail officials qualified as "investigative or law enforcement officers"); see also United States v. Lewis, 406 F.3d 11, 16 (1st Cir. 2005) (holding

---

[1]Defendant contends that even if his calls must be taped for security purposes, the statements must nevertheless be suppressed because there is no connection between jail security and the evidentiary use of his calls in prosecutions for crimes not taking place in the jail.  Again, defendant cites no authority for this proposition.  Further, as the Court found in Greenwood, the Fourth Amendment does not provide for such selective enforcement of its privacy guarantees.  In other words, "what a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."  Katz, 389 U.S. at 351.

4

that local jail officials holding the defendant in pre-trial detention qualified as investigative or law enforcement officers).

Second, the wiretap statute also contains a "consent exception." Courts have held that when an inmate who received actual notice of recording makes a call he has impliedly consented. E.g., United States v. Workman, 80 F.3d 688, 693-94 (2d Cir. 1996) (finding consent where inmate received notice that his calls were subject to surveillance); see also Amati v. City of Woodstock, 176 F.3d 952, 955 (7th Cir. 1999) ("If there is actual notice, as in United States v. Sababu, 891 F.2d 1308, 1329 (7th Cir. 1989), there will normally be implied consent."). In the present case, it is undisputed that defendant received several warnings that his calls were subject to recording, and that he consented to such recording by using the phones. Thus, this exception applies as well.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is **ADOPTED**, and defendant's motion to suppress telephone conversations (R. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5